UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOZIE F. CHUKWUKA,

                        Plaintiff,

-against-

CITY OF NEW YORK, BROOKLYN
BOROUGH PRESIDENT OFFICE,

                        Defendants.
-----------------------------------------------------------X

**AMENDED MEMORANDUM & ORDER**
08 CV 2095 (RJD) (LB)

DEARIE, Chief Judge.

The Court issued a Memorandum and Order dated September 17, 2010 ("M&O") (Docket Entry 49) granting defendants' motion for summary judgment and dismissing plaintiff Dozie Chukwuka's complaint in its entirety. In its M&O, the Court rejected Chukwuka's Title VII claim that he was transferred from the Office of the Brooklyn Borough President ("BBPO") to the Department of Design and Construction ("DDC") in retaliation for filing his lawsuit, concluding that because the transfer did not result in a change in his salary, title, benefits, or job responsibilities, Chukwuka had not met his prima facie burden of demonstrating that he suffered a "materially adverse change" to the terms and conditions of his employment. See M&O at pg. 14 (citing Joseph v. Leavitt, 465 F.3d 87, 90 (2d Cir. 2006)). The Court further concluded that even if Chukwuka had met his prima facie burden, his claim would be denied because defendants had come forward with legitimate, non-discriminatory reasons for transferring him, including a litany of negative performance reviews and reprimands.

The Court is reminded of the Supreme Court's ruling in Burlington Northern & Santa Fe Railway. Co. v. White, which held that, in the context of a Title VII retaliation claim, a materially adverse action is not limited to discriminatory actions that affect the terms and

conditions of employment. See Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 207 (2d Cir. 2006) (citing White, 548 U.S. 53, 68 (2006)). Rather, to prevail on a retaliation claim under Title VII, White held that a plaintiff need only "show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a change of discrimination." Id. (quoting White, 548 U.S. at 68) (citations and quotation marks omitted).

The Court has reconsidered Chukwuka's claim in light of White's reasonable employee test and concludes that dismissal of Chukwuka's retaliation claim is still warranted. As detailed in the M&O, Chukwuka conceded that the transfer did not result in a change in his salary, title or benefits, and although Chukwuka testified at his deposition that his job responsibilities have changed since being transferred to DDC, he refused to articulate at his deposition how they have changed. To survive summary judgment, Chukwuka must come forward with more than just a conclusory, unsubstantiated allegation that his responsibilities have changed.

Finally, although Chukwuka does not raise the argument in his opposition papers, the Court is aware of Chukwuka's deposition testimony that DDC is a more competitive environment and his promotional opportunities are fewer as a result of the transfer because DDC employs more engineers with professional licenses than BBPO. (Chukwuka Dep. Tr. at 88.) While a transfer that results in fewer promotional opportunities may, depending on the circumstances, constitute an adverse action under White, Chukwuka did not come forward with any evidence aside from his speculative belief that the transfer resulted in fewer promotional opportunities. In fact, given the consistently negative performance reviews and the multiple reprimands for misconduct and insubordination that Chukwuka received while at BBPO, and his documented inability to get along with any of his supervisors or co-workers, the record suggests

that Chukwuka had very likely sabotaged any chance of receiving a promotion at BBPO. Under the circumstances, no reasonable employee could have viewed the transfer from BBPO to DDC as a materially adverse action.

Dated: Brooklyn, New York
       October 2_, 2010

                                        s/ Judge Raymond J. Dearie
                                        RAYMOND J. DEARIE
                                        United States District Judge